UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEITH PATTON,                )                      | |
|                                           )                                   | |
|           Petitioner            )                                   | |
|                                           )                                   | |
|           v.                         )           No. 2:05cv0050 AS | |
|                                           )                                   | |
| CECIL DAVIS,                  )                                   | |
|                                           )                                   | |
|           Respondent         )                                   | |

*MEMORANDUM, OPINION AND ORDER*

On or about February 8, 2005, *pro se* petitioner Keith Patton, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 6, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The extensive state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963). This Court has carefully examined. the petitioner's 18-page Traverse filed on July 21, 2006.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, Keith Patton was incarcerated in the ISP in this district. According to the papers filed in this case, this petitioner is serving an aggregate 192-year sentence imposed in Indianapolis, Indiana based on convictions for murder, rape, three counts of criminal deviate conduct, and one count each of criminal confinement in dealing in a sawed-off shotgun. As a preliminary, the Attorney General of

Indiana, Steven Carter should be and is now **DISMISSED** as has long since been the order of the Court of Appeals in this circuit.

There have been extensive state court opinions. For example, *see Patton v. State*, 517 N.E. 2d 374 (Ind. 1987); *State ex rel. Patton v. Superior Court of Marion County*, 574 N.E. 2d 255 (Ind. 1989); *Patton v. State*, 588 N.E. 2d 494 (Ind. 1992); *Patton v. State*, 789 N.E. 2d 968 (Ind. App. 2003); and *Patton v. State*, 810 N.E. 2d 690 (Ind. 2004).

Certainly the facts found by the two highest courts in the State of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. It is to be noted that the 18-page brief filed by this pro se petitioner is particularly good as far as form is concerned. In fact, it cites a number of cases this court often cites. One such citation is *Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).

Early on in this proceeding, the prosecution in Marion County, Indiana had requested the death penalty for this petitioner. The case has also been through three Marion County criminal court judges, namely Judge Patricia Gifford, Judge Thomas E. Alsip, and Judge Jamison. An attempt to summarize the procedural sequence here is difficult. Well over 20 years ago in 1984, the indictments in this case were originally assigned to Judge Patricia Gifford. Apparently there was some kind of an agreement wherein a guilty plea and

sentencing pleading was transferred to Judge Thomas E. Alsip.  Apparently Judge Alsip accepted this petitioner's guilty pleas to three counts of criminal deviate conduct and one count each of criminal confinement in dealing in the sawed-off shotgun.

A sentencing was had in July 1984 in which this petitioner admitted killing a person named Pack, but denied that he intended to kill him.  Judge Alsip sentenced this petitioner to death for the murder and an aggregate of 132 years imprisonment for the other crimes.  A direct appeal was taken on the murder conviction and death sentence in which the Supreme Court of Indiana vacated the murder convictions because petitioner had denied his intent to kill Pack, thereby making Judge Alsip's acceptance of the plea agreement improper.  On remand, Judge Gifford again accepted jurisdiction over the case since Judge Alsip in the interim had terminated his status as a criminal judge.  This is how apparently Judge Jamison gets into this picture.

Another proceeding was had in which this petitioner filed for a mandate and prohibition from the Supreme Court of Indiana directing Judge Gifford to transfer the case back to the court formerly presided over by Judge Alsip.  The state Supreme Court denied that writ but found that the terms of the plea agreement called for Judge Alsip to preside over the guilty plea and sentencing.  The bottom line in that proceeding was that Judge Gifford was properly exercising jurisdiction over the case.  A jury trial ensued which found this petitioner guilty of murder and rape but recommended against the death penalty.  Thus, it would appear that at that point the death penalty was removed from the equation here.

3

The state trial court exercising jurisdiction at that point sentenced this petitioner to an aggregate of 60 years imprisonment for murder and rape to run consecutive to the aggregate 132-year sentence on the remaining counts. The matter went to the Supreme Court again, and on March 16, 1992, that court found that this petitioner's confession to police was properly admitted in trial despite his claims that he did not voluntarily and intelligently waive his rights before speaking to the police. In April 1996, this petitioner filed in the state trial court a petition for post-conviction relief. The state trial court held an evidentiary hearing on that petition and denied it on August 22, 2002, some considerable time after it was filed. An appeal ensued from that denial and was lodged with the Court of Appeals of Indiana which entered its decision on June 10, 2003. The Court of Appeals of Indiana agreed with this petitioner's contention regarding his claim that his guilty plea to attempted murder was improper because he did not have a specific intent to kill. However, the Court of Appeals affirmed the denial of relief as to all other claims.

Then this petitioner sought transfer to the Supreme Court of Indiana. On June 22, 2004, the Supreme Court of Indiana granted transfer and in doing so summarily affirmed the portion of the Court of Appeals opinion denying relief but vacated the attempted murder conviction for the same reason as stated by the Court of Appeals of Indiana.

This petition for relief under 28 U.S.C. §2254 was filed on or about February 8, 2005, and this petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties

4

and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

The Attorney General of Indiana appears to raise an issue under the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). On its face, that federal statute became effective on or about April 23, 1996, but there was a judicially created grace period which would have extended that to April 24, 1997.

When one looks at the totality of this record and the abundant consideration that has been given to issues by the two highest courts in Indiana, it is very difficult to say that those decisions violate or are at odds with clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented to the state court. It is of no small moment that this petitioner succeeded in effect to get the death penalty off the table on at least one other important issue.

There appears to be some argument here about the way in which the plea agreement was read by the two highest courts in Indiana. This court cannot here and now under its authorized federal question jurisdiction to gainsay or disturb the way in which the plea agreement was read and interpreted. The Court of Appeals properly held and the Supreme Court of Indiana properly affirmed that the petitioner's plea agreement was completed and

5

that the agreement did not call for what he claimed, that he received the benefit for which he had bargained. This court cannot find a violation of the relevant federal law in that decision by the Supreme Court of Indiana which apparently complies with *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). There is no doubt that the double jeopardy clause in the Fifth Amendment of the Constitution of the United States applies to the states and certainly to the State of Indiana. It is the view here that the Attorney General of Indiana does have it correct with regard to the efforts to use the double jeopardy clause with regard to the sex crimes involved here. The Attorney General asserts and this court agrees that issue is defaulted for having not been presented appropriately to the courts in Indiana. *See Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992). The appellate courts found these claims waived. This is an adequate and independent state law ground that precludes federal habeas review. *See Franklin v. Gilmore*, 188 F.3d 877 (7th Cir. 1999).

      This court fails to find the kind of violation of the double jeopardy clause that was discussed 74 years ago in *Blockburger v. United States*, 284 U.S. 299 (1932). Apparently there is an effort to try to bring in an effective assistance of counsel argument here. The voir dired transcript shows that this petitioner's counsel made a strategic decision to inform jurors about petitioner's prior guilty plea and the time he had spent on death row as a result. That counsel seems to have been concerned that jurors would be speculating as to why a crime committed in 1983 was getting to trial in 1990. Counsel made the strategic decision to answer that question going in and then questioned jurors whether they could be impartial

6

even knowing that.  The petitioner also intended to present evidence at the sentencing phase regarding petitioner's adjustment and good conduct while in prison over the last preceding seven years and wanted to question jurors whether they would consider such evidence as mitigating in the sentence in context.

This court has given close attention to the filing made here on July 21, 2006 in an 18-page memorandum which is well presented.  Obviously it deserves close attention by this court and has received it.  This court is well familiar with *Santobello v. New York*, 404 U.S. 257 (1971) and does not conceive that its mandates have been violated here.  Neither does this court conceive that there has been a violation of the standards set out by this court in *United States v. Bielak*, 660 F.Supp. 818 (N.D. Ind. 1987).

It goes without saying that the procedural history of this case is enormously complicated, but it is also important to say that the unanimous decisions of the Supreme Court of Indiana on the same day in *Early v. Packer*, 537 U.S. 3 (2002) and *Woodford v. Visciotti*, 537 U.S. 19 (2002) remain alive and well.  This court is convinced after a careful review of the record that this petitioner who has tried very hard to present valid claims here under 28 U.S.C. §2254 has simply not done so.  Therefore, the relief requested under 28 U.S.C. §2254 is now considered and **DENIED**.  **IT IS SO ORDERED**.

**DATED:** January 11, 2007

                                                      S/ ALLEN SHAR
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**